IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TERRENCE LAMONTE LIPSCOMB | § | |
| v. | § | CIVIL ACTION NO. 6:07cv502 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Terrence Lipscomb, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lipscomb says that he was convicted of delivery of a controlled substance on May 21, 2004, receiving a sentence of life in prison. His conviction was affirmed by the Sixth Judicial District Court of Appeals on August 31, 2005, and his petition for discretionary review was denied by the Texas Court of Criminal Appeals on February 8, 2006. Lipscomb then filed a state habeas corpus petition with the trial court on May 14, 2007, which petition was dismissed for non-compliance with proper procedures on June 20, 2007.

On November 9, 2007, the Magistrate Judge issued a Report recommending that Lipscomb's petition be dismissed because of the expiration of the statute of limitations. The Magistrate Judge calculated that Lipscomb's limitations period began to run on May 10, 2006, after the time to file a petition for writ of certiorari had expired, and expired on May 10, 2007. Because Lipscomb's state habeas petition was filed after this date, it did not toll any of the limitations period, which period had

1

already fully expired. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition).

The Magistrate Judge also determined that Lipscomb had not shown any basis upon which to equitably toll the limitations period. Although Lipscomb says that his attorney filed his state habeas petition incorrectly, the Magistrate Judge noted that attorney error or neglect is not a basis for equitable tolling of the statute of limitations. Cousin v. Lensing, 310 F.3d 843, 848-49 (5th Cir. 2002). In addition, the Magistrate Judge concluded that Lipscomb's bare assertion that his attorney "intentionally time barred him," without supporting facts, was not sufficient to trigger the doctrine of equitable tolling. The Magistrate Judge therefore recommended that the petition be dismissed and that Lipscomb be denied a certificate of appealability *sua sponte*.

Lipscomb filed objections to the Magistrate Judge's Report on December 19, 2007. In his objections, Lipscomb first traces the procedural history of his case. He says that on May 4, 2007, his appellate attorney told him that his "time period of the Anti-Terrorism and Effective Death Penalty Act expired 3/8/07 of his mandate, in which the definition of 'mandate' is an authoritative command." Consequently, he says, by the advice of his attorney, his state petition was timely filed on May 7, 2007.

However, he says, a new state habeas corpus form had come out, and so his attorney re-submitted the application on May 14, 2007. He appears to say that he was prevented from filing his petition by "state action" (i.e. the district clerk requested that he refile his petition on the new form) and that his attorney gave "misleading advice" concerning the limitations period.

Next, Lipscomb complains that the Magistrate Judge "argued for the state" that the state habeas petition was not properly filed. In a footnote to the Report, the Magistrate Judge noted that Lipscomb's state habeas petition had been dismissed for procedural errors, a fact which Lipscomb does not dispute. He says that he acted with "due diligence" when he contacted the State Bar of Texas to ask for legal help. Lipscomb asserts that his attorney filed the second state habeas petition "without consulting him" and by "forging his signature," and intimates that this petition was

2

dismissed because of these errors; however, he concedes that his attorney refiled the petition because the state district clerk asked that the new forms be used. He also says that he sought to amend the second state petition after it was transmitted to the Court of Criminal Appeals, but that the Court erred in not allowing him to do so. These contentions do not show that the Magistrate Judge's Report and Recommendation was in error.

Lipscomb says that the Magistrate Judge erred in saying that he filed his state petition on June 12, 2007. In fact, the Magistrate Judge stated that the petition was filed in the trial court on May 14, 2007, and was filed in the Court of Criminal Appeals on June 12, 2007. Lipscomb has not shown that an error was made.

Next, Lipscomb says that in <u>Villegas</u>, the Fifth Circuit said that if a state allows a petition to file a second or subsequent habeas petition, the federal courts should not undermine this decision by refusing to toll the limitations period when the second or subsequent petition is pending. He says that he was "allowed to file" a second petition, apparently referring to the fact that he was told to refile his petition using the proper form, and that he had the right to appeal this judgment for abuse of discretion and that his appeal is still pending because it was never ruled on or denied. However, even if Lipscomb sought to "appeal" the dismissal of his state habeas petition, he has not shown that this would affect the limitations period because this period had already expired at the time that he filed that petition.

The fact that he was told to refile his state petition on the proper form was not an unconstitutional state action which prevented him from seeking habeas corpus relief in a timely manner, within the meaning of 28 U.S.C. §2244(d)(1)(B). Although Lipscomb says that his attorney incorrectly advised him concerning the limitations period, the Fifth Circuit has indicated that an attorney's confusion over the applicability of the limitations period, a miscalculation of the limitations period, or untimeliness resulting from the use of regular mail does not warrant equitable tolling. Similarly, the circumstances which he relates regarding the filing of his state habeas petition

do not show the exceptional circumstances required for an equitable tolling of the limitations period. Lipscomb's objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Terrence Lipscomb is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 9th day of January, 2008.**

                              _____
                              **LEONARD DAVIS
                              UNITED STATES DISTRICT JUDGE**